[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO PLAINTIFF CONNECTICUT FAMILY ORTHOPEDICS, P.C.
In the above-captioned case, the plaintiff physicians and practice groups assert that the defendant Anthem Health Plans, Inc. ("Anthem") has breached its agreements with them in various ways, including, inter alia, failing to pay them for services in timely fashion, arbitrarily denying payment for services, failing to maintain adequate administrative services, and failing to communicate its procedures adequately.
On January 8, 2001, Anthem served plaintiff Connecticut Family Orthopedics, P.C., with interrogatories and requests to produce documents. This plaintiff responded on April 27, 2001. This plainitff filed no objection to any of the discovery requests. Anthem complains that the responses are incomplete and seeks an order compelling this plaintiff to comply. The specific claims of noncompliance are set forth and ruled upon below.
1. Failure to identify persons with knowledge of claims
Many of Anthem's interrogatories, specifically, subparts (b) of 1-21 and 25, asked this plaintiff to identify all persons with knowledge of particular claims made in the complaint. Connecticut Family Orthopedics, P.C. identified one such person, its office manager. In its November 18, 2002, response to the motion to compel, this plaintiff identified thirteen additional such persons. Presumably, this plaintiff intends to supplement in the form required by PB. §§ 13-7 and 13-10. Setting forth information in a brief in opposition does not conform with the requirements of these rules.
The court has no way of determining that this plaintiff has failed to include all persons with knowledge of the facts at issue. If indeed there are additional such persons known to it, Connecticut Family Orthopedics, P.C. takes the very real risk that it will be barred from presenting such CT Page 896 additional witnesses at trial. The defendant is entitled to conduct discovery, include depositions, in an orderly fashion rather than on the eve of trial. Any supplementation of this plainitffs response to these questions must be filed in proper form by May 1, 2003.
2. Response by Reference to Deposition Transcript
Anthem complains that this plaintiff has responded to Interrogatories 13-15 by stating "see deposition testimony of Ronald Ripps, MD. dated January 18, 2001 and deposition of F. Scott Gray, M.D. dated February 12, 2001." In the plaintiffs' brief in opposition to the motion, this plaintiff does not defend the adequacy of its answer but purports to provide additional answers to Interrogatories 13, 14 and 15. Setting forth information in a brief in opposition does not conform with the requirements of P.B. §§ 13-7 and 13-10. This plaintiff must instead supplement its answer under oath in the form required by those provisions of the Practice Book. The court notes that some of the new responses informally set forth in plaintiffs' opposition brief purport to answer questions by referring the defendant to a number of deposition exhibits. Unless a document actually sets forth the answer, without the need for the defendant to interpret which part of the document is meant to constitute the answer, such a method of response is insufficient.
This plaintiff shall provide narrative answers in proper form no later that May 1, 2003,
3. Response "Unable to Answer at This Time"
Connecticut Family Orthopedics, P.C. has responded to interrogatories 10 and 12 by stating "unable to answer at this time." Anthem complains that this statement is unresponsive. This plaintiff counters that it cannot answer what it does not know. While a party may deny knowledge of a subject into which an opponent inquires, encountering the risk that lack of facts to support a claim will lead to the defeat of the claim, this plaintiff has phrased its answer in a manner that suggests that it may acquire and reveal facts at some other time.
While Connecticut Family Orthopedics, P.C. cannot be compelled to provide information it has sworn that it does not have, it may not ambush its opponent by acquiring the information at a later time. Accordingly, the court orders that any supplementation of the response shall be made not later than May 1, 2003.
4. Response by Reference to Deposition Exhibits
CT Page 897
Anthem complains that this plainitff has responded to Interrogatories 1-7
(a), (c)-(d), 8-9 (a), (c)-(d), 11(a), (c)-(d); 16(a), (c)-(d); 17(a), (c)-(f) 18-19 (a), (c)-(d), 21(a), (c)-(d), 22-23; 25-40 Request for Production 9, 14, 17 and 21-23, 25-27, 30, 33-34, 37-43, and 45-48 by stating only "See transcript and documents identified as Defendant's Exhibits Nos. 125-140 in the deposition of Ronald Ripps, M.D. (1-18-01) and Exhibits 141-158 in the deposition of F. Scott Gray (12-12-01)."
While a response may take the form of a reference to a document if the document sets forth the answer to the interrogatory, if the document contains information on more than one subject, or if the content of the document does not directly answer the question but is clear only with an explanation, the respondent must supply a narrative answer or an answer that states with specificity where in the document the answer to the interrogatory appears. The court finds that responses to interrogatories that refer to a multitude of documents the contents of which are not confined to the single topic of the interrogatory are unresponsive.
The defendant has failed to explain why a request for production of documents is not sufficiently answered by referring it to numbered exhibits already used at a deposition. The court finds that the defendant has not proven noncompliance as to this item.
The plaintiff is ordered to provide a specific narrative response setting forth the information sought in the interrogatories listed above no later than May 1, 2003.
In its brief in opposition to the motion to compel, Connecticut Family Orthopedic, P.C. purports to disclose additional documents "relating to the above-referenced Anthem employees and Maureen Smith. Specifically, Exhibits 8, 11, 173, 174, 177, 178, 198, 199, 201, 211.". This plaintiff may not supplement its response to discovery in this informal manner, which bypasses the obligation to provide answers under oath, but must instead supplement its responses under oath in the form required by PB. §§ 13-7 and 13-10. Setting forth information in a brief in opposition does not conform with the requirements of these rules.
5. Responses that documents are "Not Applicable"
Anthem complains that this plaintuiff has responded to requests for production 10, 12, 13, 15, 16, 20 and 44 with "N/A," which this plaintiff confirms in its brief in opposition to the motion to compel is meant to convey the phrase "not applicable." If Connecticut Family Orthopedics, P.C. means by "not applicable" that it does not make the claim to which each of these requests for production is directed, this plaintiff must CT Page 898 say so unambiguously. If this plaintiff means that it does not have any such documents, it must say that unambiguously. This plaintiffs present responses to the discovery requests listed above are ambiguous and unresponsive. Connecticut Family Orthopedics, P.C. shall provide clear responses and produce any responsive documents in its possession, custody or control no later than May 13, 2003, and it shall do so under oath in the form required by P.B. § 13-10.
6. Failure to Provide all Responsive Documents
Anthem complains that this plaintiff has responded to interrogatories 1(c), 4-7 (c), 9(c), 10(c) and requests for production 1-4, 8 and 14, which relate to the plaintiffs' claim that Anthem did not make timely and appropriate payments for the services plaintiff rendered and the claim that Anthem failed to maintain adequate records concerning payments, by producing some documents but not all of the documents that Anthem surmises he possesses with regard to these claims.
Anthem has not identified any documents that it knows are in this plaintiffs possession, custody or control that he has failed to produce. If in fact this plaintiff has withheld responsive documents, it faces the probable outcome that it will be unable to present such documents in evidence at trial. This court does not, however, have any basis for concluding that this plaintiff has withheld responsive documents.
This plaintiff has purported to provide additional responses in the brief in opposition to the motion. Such informal supplementation does not comply with the requirements of the Practice Book, which requires compliance to be made in the manner set forth in P.B. §§ 13-7 and 13-10.
Conclusion
The court finds that Connecticut Family Orthopedics, P.C. has failed to comply with Anthem's discovery in the respects identified above and grants the motion to the extent set forth above. Compliance shall be made no later than May 1, 2003.
 1/14/03 ___________________ Beverly J. Hodgson Date Judge of the Superior Court
CT Page 899